IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M., a minor, by his next friend and Parent, D.M. | : | CIVIL ACTION No. 20-1632 |
| Plaintiffs, | : : : | |
| v. | : : | **ELECTRONICALLY FILED** |
| Gateway School District, | : : | |
| Defendant. | : | |

# COMPLAINT

AND NOW TO WIT, this 27th day of October, 2020, Plaintiff A.M., by and through his attorneys, Christopher N. Elnicki, Esquire and Jonathan D. Steele, Esquire of STEELE SCHNEIDER, file the within Complaint against Defendant Gateway School District, and in support thereof aver as follows.

### Jurisdiction and Venue

1. This action is brought pursuant to 20 U.S.C. § 1401 et seq. and Act 29 U.S.C. § 794.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

3. Venue in this district is proper under 28 U.S.C. § 1391.

### Parties

4. Plaintiff A.M. (Student) is a minor student enrolled in the Gateway School District (the "District").

5. Student and D.M., his parent, reside within the geographic boundaries of the District.

6. The District is a recipient of federal funding and a public school district existing under the laws of the Commonwealth of Pennsylvania. The District's administrative address is 9000 Gateway Campus Boulevard, Monroeville, PA 15146.

1

## Factual Background

## Nature of the Underlying Proceedings

7. Plaintiffs filed a Due Process Complaint with the Office for Dispute Resolution on January 31, 2020.[1]

8. The underlying Complaint alleged that the District did not fulfil its obligations under the IDEA (IDEA) 20 U.S.C. § 1400 et seq. and Section 504 of the Rehabilitation act 29 U.S.C § 701 et seq., thereby denying A.M. a free and appropriate public education (FAPE).

9. The Proposed Resolution in the Complaint requested programmatic changes to the Plaintiff's education to assist the District with meeting its obligation to provide FAPE and sought compensatory education to allow A.M. to access additional goods and services to compensate him for the District's past denial of FAPE.

10. The Complaint also requested attorney's fees and costs.

11. The Complaint specifically alleges that the Family did not agree with the District's then ongoing programming for A.M.

12. The Family's Complaint requests an IEP to address A.M.'s current educational issues, and a Hearing Officer-ordered IEP meeting to initiate those changes.

13. An evidentiary hearing took place on the following dates: May 12, 2020; July 27, 2020, July 28, 2020; July 29, 2020; and August 18, 2020.

14. The dates generated 807 pages of transcript.

15. The Hearing Officer in the underlying proceeding provided a Final Decision and Order (FDO)[2] on September 15, 2020.

16. The Plaintiff was the prevailing party in the underlying action.

---

[1] The Student's redacted Due Process Complaint is attached as Exhibit A.
[2] The Hearing Officer's FDO is attached as Exhibit B.

17. The Hearing Officer's FDO made two primary determinations: (1) that the District had denied A.M. a FAPE under the IDEA and Section 504 of the Rehabilitation Act for the 2018-2019 and 2019-2020 school years and (2) that the District was ordered to immediately hold an IEP meeting to include certain supports and services--the purpose of which was to create an IEP that would address the deficits in the student's then current programming.

**Facts supporting an award of attorneys' fees for the underlying administrative action**

18. Preceding the hearing, the Defendant made a 10-day offer on May 1, 2020—pursuant to 34 C.F.R. § 300.517(c).

19. The aforementioned 10-day offer offered an enumerated list of (1) 520 hours of compensatory education and (2) "Reasonable attorney's fees" without identifying a specific amount.

20. The District's offer letter did not address the family's ongoing concerns related to A.M's current and disputed programming.

21. The 10-day offer letter provided by the District also offered the aforementioned compensatory education in exchange for a release of claims--but did not address whether the District would change its ongoing programming.

22. Should the family have chosen to resolve the case by accepting the District's offer, it would have had to choose to abandon its claims seeking prospective relief.

23. The District and family met several times in an attempt to resolve the District's current programming for A.M.

24. On April 2, 2020 Plaintiff's counsel indicated that, while fees could be estimated to resolve the case, they could not be static due to the fact that ongoing FAPE issues had not been resolved.

25. As of May 5, 2020, negotiations were still occurring with no agreement on current FAPE issues.

26. As of May 7, 2020, five days before the first hearing session, email correspondence from the District's counsel recognized that no agreement had been reached regarding the appropriate modification of A.M.'s programming.

27. Issues addressed by Parent's counsel on May 11, 2020 were not resolved prior to the first hearing session.

28. Steele Schneider is a Pittsburgh-based law firm that dedicates a substantial portion of its practice to assisting children with disabilities.

29. Christopher Elnicki, Esquire dedicates a substantial portion of his practice to special education matters.

30. Jonathan Steele, Esquire dedicates a substantial portion of his practice to special education matters.

31. For special education matters, Christopher Elnicki, Esquire and Jonathan Steele, Esquire bill at a rate of $275 and $285 per hour, respectively.

**Count I**
**Availability of Attorneys' Fees under the IDEIA, 20 U.S.C. § 1415 et seq. and Section 504 of the Rehabilitation Act 29 U.S.C. § 794 et seq.**

32. Section 504, the IDEIA, and its implementing regulations require School Districts to provide students with a free and appropriate public education.

33. 20 U.S.C. §1415(i)(3)(B) and 29 U.S.C. §794a authorize an award of attorneys' fees to a prevailing party who is the parent of a child with a disability.

34. As noted above, the Hearing officer found that the District failed to provide a FAPE to the student, and was continuing to do so.

35. Plaintiffs are the prevailing parties in this matter.

36. The District did not make an offer compliant with 34 C.F.R. § 300.517(c) that was more favorable to the result obtained by the Hearing Officer's order.

37. The Plaintiff was substantially justified in rejecting the settlement offer.

38. While the District's offer included more compensatory education than what was awarded, the Parties could not come to an agreement regarding the programming issues at stake with A.M.'s contemporaneous IEP, causing the family to be justified in rejecting the District's proposal.

39. Accepting the District's offer would have jeopardized the A.M.'s ability to advocate for an appropriate education in exchange for only compensatory remedies.

40. At all relevant times, Plaintiffs were represented by the undersigned counsel.

41. Plaintiffs request fees in the amount invoiced, following the disposition of this fee petition's merits.

## Prayer for Relief

WHEREFORE, the Plaintiffs respectfully request the following relief:

1. Plaintiffs' attorneys' fees as invoiced.

Dated: October 27, 2020	Respectfully Submitted,

*/s/ Christopher N. Elnicki*___
Jonathan D. Steele, Esquire
PA I.D. No. 313969
Christopher N. Elnicki, Esquire
PA I.D. No. 317000
STEELE SCHNEIDER
420 Fort Duquesne Blvd., Suite 500
Pittsburgh, PA 15222
(412) 235-7682
(412) 235-7693/facsimile
jonathansteele@steeleschneider.com
chriselnicki@steeleschneider.com

Case 2:05-cv-01026-MJD Document 1701 Filed 10/27/20 Page 6 of 6